UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUG LONGHINI,

      Plaintiff,

v.                                    Case No:   6:17-cv-1071-Orl-31TBS

FAITH CHURCH INTERNATIONAL, INC.,
GURKIRAN, INC. and RIO
CONCESSIONS, INC.,

      Defendants.

_____

### REPORT AND RECOMMENDATION

This case comes on for consideration of Plaintiff Doug Longhini's amended complaint (Doc. 12). After reviewing Plaintiff's original complaint (Doc. 1), the district judge referred the case to me for issuance of a report and recommendation as to whether Plaintiff's claims against a landlord and two tenants should be severed into separate lawsuits. I entered an Order advising Plaintiff of this referral and gave him an opportunity to re-plead his complaint to address the severance issue (Doc. 7). The amended complaint followed. Now, I do not find that separate lawsuits are required but, I **respectfully recommend** that Plaintiff be required to re-plead his claims in separate counts for each claim against each Defendant, as contemplated by FED. R. CIV. P. 10(b).

The Allegations of the Amended Complaint

The amended complaint, which is not pled in separate counts, seeks injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq. (the "Americans with Disabilities Act" or "ADA") against all Defendants jointly (Doc. 12). Plaintiff alleges that he is an individual with disabilities.

Defendant, Faith Church International, Inc., allegedly owns, operates and oversees a shopping plaza, its general parking lot and parking spots specific to the businesses therein; Defendant, Gurkiran, Inc., owns and operates a Punjab Indian Restaurant business within the plaza; and Defendant, Rio Concessions, Inc., owns and operates a Dippin Dots Ice Cream parlor in the plaza (Id., ¶¶ 5-10, 15). Plaintiff alleges that he visits the plaza property, restaurant and ice cream parlor businesses regularly, and has encountered multiple violations of the ADA that directly affect his ability to use and enjoy the property, restaurant and ice cream parlor businesses (Id., ¶17). Plaintiff complains that:

> 26. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the plaza property, restaurant and ice cream parlor businesses, include but are not limited to, the following:

> **A. Parking**

> 1. Plaintiff could not safely access the facility due to an inadequate number of disabled use spaces. Accessible spaces and aisles are not part of a compliant accessible route, with ramps in unloading areas and level changes on the path of travel to the stores violating ADAAG Section 4.6 and 2010 ADAS Section 502.

> **B. Entrance Access and Path of Travel**

> 1. The Plaintiff had difficulty traversing the path of travel as there are noncompliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

> 2. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level greater than '12 inch, violating Section 4.3 of the ADAAG and 2010 ADAS Section 403, whose resolution is readily achievable.

3. Ramps at the facility that do not have compliant slopes and level landings where required by the ADAAG and 2010 ADAS, resolution is readily achievable.

4. Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. There is no accessible routes from the public sidewalks, bus stops to the buildings, violating ADAAG Section 4.3 and Section 206 of the 2010 ADAS.

## C. Access to Goods and Services

1. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not use dining and service counters as they are mounted too high. Counters at the facility exceed height limits with no accessible eating area in violation of Sections 5 and 7 of the ADAAG as well as Sections 226, 227, 902 and 904 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be accessible and usable by persons with disabilities, violating ADAAG Section 36.211 and the 2010 ADAS.

## D. Public Restrooms in Dippin Dots and Punjab Restaurant

1. Plaintiff could not enter restrooms without assistance which lack maneuvering clearance at the doors of both restrooms, hardware is knob type violating Section 4.13 of the ADAAG and 2010 ADA Standards Section 404.

2. Plaintiff could not use lavatories in either restroom as both lack required knee and toe clearance or use mirrors which are mounted too high in both restrooms in violation of Section 4.19 of the ADAAG and Section 603 of the 2010 ADAS.

3. Plaintiff could not use coat hooks and dispensers mounted outside the ranges prescribed in Section 4.27 of the ADAAG and Section 308 of the 2010 ADA Standards, whose resolution is readily achievable.

4. Plaintiff could not use the water closet in Dippin Dots which has no rear grab bar a centerline over 20" from the side wall

and the side grab bar is obstructed by the toilet paper dispenser and is mounted outside the ranges prescribed in Section 4.16 and figure 29 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

5. Plaintiff could not use the water closet in Punjab Restaurant which has a centerline over 20" form the side wall and grab bar which improperly mounted outside the ranges prescribed in Section 4.16 and figure 29 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

6. Plaintiff could not use the urinal in Punjab Restaurant with a flush control over 54" AFF, it is mounted outside the ranges prescribed in ADAAG Section 4.18 and Section 605 of the 2010 ADA Standards, resolution is readily achievable.

(Doc. 12, ¶26).

Plaintiff contends that the ADA violations pled "form questions of law and facts common to all Defendants," and "the Plaintiff is asserting a right to relief, both jointly (as to all areas controlled and/or operated by the landlord Defendant and any one or more of the tenant Defendants; with respect to any relief requested, all occurrences and violations of the ADA were made by the individual tenant Defendants with the knowledge and approval of the landlord Defendant, such as they are jointly liable for all damages and relief requested." (Id., ¶ 28). Plaintiff also alleges that "[a]ll of the parties which are tenant Defendants are in privity of contract with the landlord Defendant, namely each has a commercial lease between each tenant and the landlord, which arguably will require participation and/or indemnification in regards to any injunctive relief and/or other damages, to include any ADA compliance plan and any reasonable attorney's fees and costs which the Plaintiff may tax the Defendants as a result of this action." (Id., ¶ 29).

Applicable law[1]

> Persons may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). "Courts are 'strongly encouraged' to join claims, parties, and remedies, 'and the [r]ules are construed towards entertaining the broadest possible scope of action consistent with fairness to the parties.'" Rhodes v. Target Corp., 313 F.R.D. 656, 660 (M.D. Fla. 2016) (internal quotation marks omitted) (quoting Edward-Bennett v. H. Lee Moffitt Cancer & Research Inst., Inc., No. 8:13-cv-00853-T-27TGW, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013)).

Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a "logical relationship" exists between the claims. Id. (citing Alexander v. Fulton Cnty., Ga., 207 F.3d 1301, 1323 (11th Cir. 2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Republic Health Corp. v. Lifemark Hosp. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985)). "[T[here is a logical relationship when 'the same operative facts serve as the basis

---

[1] I borrow liberally from Magistrate Spaulding's recent report and recommendation on similar facts in Kennedy v. HDBF, LLC, Case No. 6:17-cv-488-ORL-31 KRS (Doc. 11), and the District Judge's Order adopting the report (Doc. 47).

of both claims.'" <u>Republic Health</u>, 755 F.2d at 1455 (quoting <u>Plant v. Blazer Fin. Servs.,</u> <u>Inc.,</u> 598 F.2d 1357, 1361 (5th Cir. 1979)).

Similar issues of liability alone are not enough to warrant joinder; the claims must also share operative facts. <u>Rhodes</u>, 313 F.R.D. at 659 (citing <u>Edwards-Bennett,</u> 2013 WL 3197041 at *2). Courts often sever claims brought against unrelated defendants if the only similarity between them is that they are alleged to have violated the same statute or acted in the same manner. <u>Bait Prods. Pty Ltd. v. Does 1-73</u>, No. 6:12-CV-1637-Orl-31DAB, 2012 WL 6755274, at *3 (M.D. Fla. Dec. 14, 2012), report and recommendation adopted by, No. 6:12-cv-1637-Orl-31DAB, Doc. No. 23 (M.D. Fla. Feb. 6, 2013) (citations omitted).

Misjoinder of parties is not a ground for dismissing an action but "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.Thus, while Rule 20 is construed broadly, it "does not mandate joinder, and even when joinder is permissible, courts may refuse it or may sever plaintiffs or claims." <u>Rhodes</u>, 313 F.R.D. at 659 (quoting <u>Nelson v.</u> <u>Blue Eyed Holdings, Inc.,</u> No. 13–60569-CIV, 2013 WL 6238056, at *4 (S.D. Fla. Dec. 3, 2013)). "[E]ven if the technical requirements for joinder are met, the Court has discretion to deny joinder if it determines that the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay." <u>Id</u>. (quoting <u>Malibu</u> <u>Media, LLC v. Doe</u>, 923 F.Supp. 2d 1339, 1342 (M.D. Fla. 2013)).

<u>Analysis</u>

Plaintiff asserts that he has encountered ADA violations at the plaza and has consolidated his grievances into a complaint which alleges joint liability among the landlord and tenants. The lumping together of all of the alleged violations into one claim

does not aid the Court in considering the severance analysis as to whether the right to relief asserted against them jointly arises out of the same transaction, occurrence, or series of transactions or occurrences. For example, Plaintiff has pled violations with respect to the public restrooms in the ice cream parlor and the restaurant. Is Plaintiff really contending that Dippin Dots is responsible for the alleged deficiencies in the Punjab Restaurant? While it is likely appropriate to join the landlord and a single tenant as defendants in a suit alleging Title III ADA violations at the tenant's premises, see, e.g., Rush v. Sport Chalet, Inc., 779 F.3d 973, 974 (9th Cir. 2015), Plaintiff provides no basis for his claim that each tenant is liable for the other's alleged ADA violations. In fact, Plaintiff avers that the tenant Defendants are in privity of contract with the landlord; not each other.

While it does not appear that Plaintiff's claims arise out of the *same* transaction or occurrence (as opposed to distinct and separate violations at each individual tenant's premises), in view of the liberal construction given to joinder rules and as the case involves a landlord and only two tenants,[2] I find that severing the claims against each tenant/landlord pair and requiring Plaintiff to file an additional lawsuit would not foster the objectives of the rules. Since there will probably be some overlap (such as with respect to parking issues), any additional suit will likely be consolidated with this one for most purposes, including discovery. No case management advantage to the parties or the court is apparent. Additionally, I see no real impediment to allowing the case to proceed on one docket. That said, the claims (as pled) are impermissibly combined and do not meet the pleading standard for a short and plain statement of the claim, with each

---

[2] Compare Kennedy v. HDBF, LLC, Case No. 6:17-cv-488 (seven defendants and seven sets of violations).

allegation set forth in a "simple, concise and direct" manner. FED. R. CIV. P. 8(A)(2) AND 8(D)(1). As it is not clear which violations were allegedly committed by each Defendant or Defendants, it is my recommendation that the Court require Plaintiff to re-plead his claims to state each claim against each Defendant (or Defendants) in a separate count. FED. R. CIV. P. 10(B).

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 12, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties

- 8 -